IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| **CRUM & FORSTER SPECIALTY INSURANCE COMPANY AND SENECA SPECIALTY INSURANCE COMPANY,** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19cv732-DPJ-FKB |
| **KREUNEN CONSTRUCTION, INC. AND THE AMAZING CHURCH OF GOD IN CHRIST, INC.,** | § § § § | |
| Defendants. | § § | |



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
OCT 15 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, Plaintiffs Crum & Forster Specialty Insurance Company And Seneca Specialty Insurance Company ("Plaintiffs") and would respectfully show this Court as follows:

I.
**PARTIES**

1. Plaintiff Crum & Forster Specialty Insurance Company ("C&F Specialty") is a corporation organized under the laws of the State of Delaware with its statutory home office in Wilmington, Delaware.

2. Plaintiff Seneca Specialty Insurance Company ("Seneca") is a corporation organized under the laws of the State of Delaware with its principal place of business in New York City, New York.

3. Defendant Kreunen Construction, Inc. ("Kreunen") is a corporation organized under the laws of the State of Mississippi, with its principal place of business in Olive Branch,

Mississippi. Kreunen may be served through its registered agent for service of process, Kim Kreunen, at 6855 Crumpler Boulevard, Suite 201, Olive Branch, Mississippi 38654.

4. Defendant Amazing Institutional Church of God in Christ, Inc. ("Church") is a non-profit corporation organized under the laws of the State of Mississippi. Upon information and belief, the principal office of the Church is located at 2603 West Capitol Street, Jackson, Mississippi. The Church may be served through Pastor Marcus Butler at 2603 West Capitol Street, Jackson, Mississippi or wherever he may be located.

## II.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the issues in this lawsuit, as the bases for Plaintiffs' claims are under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and Federal Rule of Civil Procedure 57.

6. This Court has diversity jurisdiction over the parties, as complete diversity exists between the Plaintiffs and the Defendants, and the amount-in-controversy exceeds $75,000, exclusive of interests and costs.

7. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.
## FACTUAL ALLEGATIONS

8. Plaintiffs' Complaint for Declaratory Relief arises out of a lawsuit pending between the Defendants, styled *Amazing Institutional Church of God in Christ, Inc. v. Kreunen Construction, Inc.*, Docket No. 17-391 (In the Circuit Court of the First Judicial District of Hinds County, Mississippi) ("the Underlying Lawsuit").

9. In the Underlying Lawsuit, the Church, as the Underlying Plaintiff, has asserted claims against Kreunen, as the Underlying Defendant, for negligence, breach of contract and breach of implied warranty. The following factual allegations are taken from the Church's Original Complaint: In 2013, the Church sustained hail damage to the roof of its building at 2603 W. Capitol Street, Jackson, Mississippi. In 2014, the Church hired Kreunen to replace the damaged roof. The Church paid Kreunen at least $193,777.44 for the replacement/repair of the roof.

10. The Church alleges that Kreunen performed work on the roof but failed to ever complete the roof replacement/repair. The Church has suffered with leaks and damaged structures. After Kreunen finished work on the roof, the Church hired John Perkins to perform a Roof Assessment & Core Analysis ("Report"). The Report, attached as Exhibit A to the Church's Original Complaint, was dated October 4, 2016. The Report noted several critical needs, including repair and replacement of certain portions of the roof. The roof's critical needs included, but were not limited to, remedying the following issues: (1) the open fascia around a portion of the roof is allowing water entry; (2) the perimeter coping is allowing water to enter the wall cavity; (3) the membrane has punctures and issues with open edges, and also needs new sloped insulation crickets to be installed; and (4) repairs are needed to copings and ornamental corner stones.

11. The Church alleges that Kreunen has been repeatedly notified of the issues with the continuing problems with the roof and has failed to fix and/or repair all of these defects. The Church seeks to recover compensatory and punitive damages, its attorneys' fees, and other relief to which it may be entitled. Although the Church's Complaint does not allege a specific ad

damnum, upon information and belief the Church has never sought less than $1.5 million in damages.

12. Seneca issued Policy No. BAG-1044178 ("the Seneca Policy") to Kreunen. The Seneca Policy incepted on February 15, 2016 and expired on February 15, 2017. The limits of the Seneca Policy are $1 million per each occurrence, subject to a $2 million general aggregate limit and a $2 million products/completed operations aggregate limit.

13. C&F Specialty issued Policy No. BAK-22347 ("the C&F Specialty Policy") to Kreunen. The C&F Specialty Policy incepted on February 15, 2017 and expired on February 15, 2018. The limits of the C&F Specialty Policy are $1 million per each occurrence, subject to a $2 million general aggregate limit and a $2 million products/completed operations aggregate limit.

14. Upon information and belief, the Church filed the Underlying Lawsuit on or about June 30, 2017. Kreunen was served with the Underlying Lawsuit and tendered the defense of the Lawsuit to Seneca. In a letter dated September 27, 2017, Seneca confirmed that it would defend Kreunen against the claims asserted in the Underlying Lawsuit.

15. As the parties have engaged in discovery in the Underlying Lawsuit, Seneca and C&F Specialty have become aware of coverage defenses that may preclude coverage for Kreunen in whole or in part for the Church's claims. In particular, a significant portion of the Church's alleged damages include the cost of remediating the property of mold contamination. Additionally, upon information and belief, it appears that Kreunen knew of some or all of the alleged "property damage" complained of by the Church prior to the inception of the C&F Specialty and Seneca Policies. Furthermore, upon information and belief, Kreunen inserted a condition in its contract with the Church in which Kreunen agreed to pay the Church's attorneys'

fees in the event that a dispute arose concerning Kreunen's work, and the Church was the prevailing party.

## IV.
## COMPLAINT FOR DECLARATORY RELIEF

16. C&F Specialty and Seneca reassert and incorporate by reference each and every allegation contained in paragraphs 1 – 15 above, as if fully set forth herein.

17. An actual controversy has arisen and exists between the Plaintiffs and the Defendants regarding whether Plaintiffs are obligated to indemnify the Defendants with respect to the claims asserted in the Underlying Lawsuit under the C&F Specialty and Seneca Policies.

18. C&F Specialty and Seneca desire judicial determination and declaration of their rights and duties with respect to their policies.

### A. Known Loss/Loss-in-Progress

19. The pertinent insuring agreements to the C&F Specialty and Seneca Policies state in relevant part as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

  (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

  (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  (2) The "bodily injury" or "property damage" occurs during the policy period; and

  (3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

  (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

>> **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.
>
> e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

20. Upon information and belief, Kreunen sent subcontractors out to the Church to perform warranty work in response to complaints from the Church concerning alleged roof leaks during 2015 and early 2016.

21. Upon information and belief, Henry Kreunen himself inspected the Church in response to the Church's complaints of continued water intrusion and damage in March 2016.

22. If it is determined that Kreunen was aware of "property damage" at the Church allegedly or actually caused by Kreunen's work prior to the inception of the Seneca Policy on February 15, 2016, then this Court should declare that Seneca has no duty to indemnify Kreunen, to the extent it is held liable to the Church for such damages.

23. If it is determined that Kreunen was aware of "property damage" at the Church allegedly or actually caused by Kreunen's work prior to the inception of the C&F Specialty Policy on February 15, 2017, then this Court should declare that C&F Specialty has no duty to indemnify Kreunen, to the extent it is held liable to the Church for such damages.

24. If it is determined that Kreunen was aware of "property damage" at the Church allegedly or actually caused by Kreunen's work prior to the inception of the Seneca Policy and/or the C&F Specialty Policy, then this Court should declare that Seneca and/or C&F Specialty have no duty to indemnify Kreunen under the common-law fortuity doctrine.

**B.      Fungi or Bacteria Exclusion**

25. The Seneca and C&F Specialty Policies contain a "Fungi and Bacteria" Exclusion which states in relevant part as follows:

### FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph **2. Exclusions** of **Section I- Coverage A- Bodily Injury And Property Damage Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

\* \* \*

C. The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

26. C&F Specialty and Seneca seek a declaration that they are not obligated to indemnify Kreunen to the extent it is held liable to the Church for the cost of remediating mold damage to the Church's property.

C. **Contractual Liability Exclusion/Attorneys' Fees**

27. In the contract with the Church, Kreunen agreed that "[i]f any party to this Contract brings a cause of action against the other party arising from or relating to this Contract, the prevailing party in such proceeding shall be entitled to recover reasonable attorneys' fees and costs."

28. The C&F Specialty and Seneca Policies contain the following "Contractual Liability" Exclusion, which states in relevant part as follows:

2. **Exclusions**

This insurance does not apply to:

\* \* \*

b. **Contractual Liability**

Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

  **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged;

  29. The Supplementary Payments Coverage under the C&F Specialty and Seneca Policies states in relevant part as follows:

Paragraph 1 of the Supplementary Payments Coverage provides in relevant part as follows:

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

  a. All expenses we incur.

  b. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

  c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

  d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

  e. All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

  f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

  g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

30. C&F Specialty and Seneca seek a declaration from this Court that they have no duty to indemnify Kreunen in the event that Kreunen is held liable to the Church for the Church's attorneys' fees, to the extent that (1) the Church's attorneys' fees are not damages for purposes of the insuring agreement; (2) Kreunen assumed the liability for the Church's attorneys' fees in the Contract; and/or (3) the Church's attorneys' fees are not covered the Supplementary Payments Coverage.

### D. Costs of Repairing or Replacing Kreunen's Defective Work

31. The C&F Specialty and Seneca Policies contain the following "Damage to Property" and "Damage to Your Work" Exclusions, which state in relevant part as follows:

**2. Exclusions**

This insurance does not apply to:

\* \* \*

**j. Damage To Property**

"Property damage" to:

\* \* \*

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

\* \* \*

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

\* \* \*

l.  **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

32. C&F Specialty and Seneca seek a declaration that they have no duty to indemnify Kreunen for the cost of repairing or replacing its defective work on the Church building's roofs.

E.  **Work Height Exclusion**

33. The C&F Specialty Policy contains a "Work Height Exclusion (Greater Than Four Stories)" Endorsement, which states in relevant part as follows:

**WORK HEIGHT EXCLUSION (Greater than Four Stories)**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended and the following exclusion added:

**Work Height**

This insurance does not apply to:

(1) "bodily injury" or "property damage" arising directly or indirectly out of ongoing operations performed, by you or on your behalf, on the exterior of any building or structure which is the greater of four (4) stories or 48 feet above ground level in height; or

(2) "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising directly or indirectly out of "your work" performed on the exterior of any building or structure which is the greater of four (4) stories or 48 feet above ground level in height.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

34.     The Seneca Policy contains a "Work Height Exclusion" Endorsement, which states in relevant part as follows:

### WORK HEIGHT EXCLUSION

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**

**SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended and the following exclusion added:

**Work Height**

This insurance does not apply to:

(1)     "bodily injury" or "property damage" arising out of or resulting from ongoing operations performed above a ground height of four (4) stories or 48 feet on any building or structure conducted by you or on your behalf for yourself or for others; or

(2)     "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of or resulting from "your work" performed above a ground height of four (4) stories or 48 feet on any building or structure.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

35.     C&F Specialty and Seneca seek a declaration that they have no duty to indemnify Kreunen to the extent it is determined that Kreunen's work on the Church's building roofs involved work performed at a height greater than forty-eight feet above the ground.

## PRAYER FOR RELIEF

WHEREFORE, C&F Specialty and Seneca pray for judgment against the Defendants named herein as follows:

A.  For a judicial determination declaring that the C&F Specialty Policy does not provide coverage for any claims in the Underlying Lawsuit and that C&F Specialty has no duty to indemnify Kreunen against any claims in the Underlying Lawsuit;

B.  For a judicial determination declaring that the Seneca Policy does not provide coverage for any claims in the Underlying Lawsuit and that Seneca has no duty to indemnify Kreunen against any claims in the Underlying Lawsuit; and

C.  For such other and further relief as this Court may deem just and proper.

Respectfully submitted, this the _11_ day of _October_, 2019.

By: _____
MATTHEW M. WILLIAMS (#102541)
JENNIFER M. YOUNG (#103758)
*ATTORNEYS FOR CRUM & FORSTER SPECIALTY INSURANCE COMPANY AND SENECA SPECIALTY INSURANCE COMPANY*

GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS 39501
Telephone: 228-214-4250
Facsimile: 228-214-9650
Email: mwilliams@gallowaylawfirm.com
         jyoung@gallowaylawfirm.com